# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RODNEY VANCE FRITH,  )  | |
|     Plaintiff,  ) | Civil Action No. 7:22cv00389 |
|     ) | |
| v.  ) | |
|     ) | By:  Robert S. Ballou |
| HAROLD WALTER CLARKE, *et al.*,  ) | United States District Judge |
|     Defendants.  ) | |

## MEMORANDUM OPINION

Plaintiff, Rodney Vance Frith, a prisoner in the custody of the Virginia Department of Corrections (VDOC) and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He asserts claims against two defendants—Dr. Kyle Smith, and Harold Clarke, VDOC's Director. Clarke's motion to dismiss is fully briefed and ripe for disposition.[1] Because Frith has failed to allege adequate personal involvement by Clarke in any constitutional violation, and because Frith fails otherwise to state a valid claim against Clarke, the motion to dismiss will be granted and the claims against Clarke will be dismissed.

## I.  BACKGROUND[2]

Frith alleges that Dr. Smith and Clarke were deliberately indifferent to his medical condition. The allegations against Dr. Smith are fairly detailed, but it is unnecessary to discuss any of that detail here. Overall, Frith complains that Dr. Smith violated his Eighth Amendment rights by ignoring or improperly treating infections in the bones in Frith's feet (osteomyelitis).

---

[1] Dr. Smith, who is represented by different counsel than Clarke, has filed a separate motion for summary judgment. That motion will be addressed in a separate opinion in due course.

[2] In his opposition (ECF No. 39), Frith includes some additional allegations about Clarke. For example, he states that Clarke also had "access" to Frith's grievances, yet he chose not to access or review them. A plaintiff may not amend his complaint through briefing, *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013), and the court will not consider those additional allegations. Regardless, they do not remedy the deficiencies in Frith's complaint.

He claims that Dr. Smith's actions led to amputations of three of Frith's toes.

Clarke is sued in his individual and official capacities. Frith alleges that Clarke is liable for his injuries because "[h]e was responsible for all staff, employees of the Virginia State Correctional Facilities" and "has [a] responsibility to protect the health and safety of all inmates." (Compl. 3, ECF No. 1.) He asserts that Clarke "had access" to a medical report received by someone at Frith's facility on October 21, 2020, which stated that Frith had been diagnosed with osteomyelitis in both feet. (*Id.*; *see also* ECF No. 1-1, at 2–4 (report referenced in complaint).) He contends that, despite Clarke's access to that report, the extent of the medical condition was "hidden" from Frith.

Frith's complaint asserts a claim pursuant to 42 U.S.C. § 1983 of a violation of his Eighth Amendment rights and also asserts a claim under the Virginia Tort Claims Act, Virginia Code § 8.01-194 *et seq.* (VTCA).

## II. DISCUSSION

**A. Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[3] To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). But a

---

[3] Unless otherwise noted, the court omits internal citations, alterations, and quotation marks throughout this opinion.

court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

Defendant Clarke moves to dismiss the § 1983 claim against him because Frith has failed to allege sufficient personal involvement by him. (*See generally* Mem. Supp. Mot. Dismiss, ECF No. 23.) Clarke also argues that the allegations against Clarke fail to allege an Eighth Amendment violation. Clarke further contends that the VTCA claim may not be brought in this court and cannot be brought against an individual.[4]

## B. Personal Involvement

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant).

As noted, the allegations involving Clarke are limited. Notably, there are no allegations that Clarke was involved in any way in Frith's medical care or that he made any decisions about

---

[4] Clarke correctly notes that Frith may not recover damages under § 1983 against Clarke in his official capacity. *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state employees acting in their official capacities are not "persons" under § 1983). Thus, any official-capacity claims for damages also are subject to dismissal on this ground.

what care to provide. The only specific allegation as to Clarke is that he had "access" to a medical report, but Frith does not allege that Clarke actually accessed or reviewed the document at any point. Essentially, Clarke is not alleged to have played any role in Frith's medical care. This dooms any Eighth Amendment claim, which requires a showing both that (1) the plaintiff had a "serious medical need" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon v. Schilling*, 937 F.3d 348, 356–57 (4th Cir. 2019). The first component of the claim is an objective inquiry, and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017). Here, Frith does not allege that Clarke actually knew of Frith's condition or the medical report to which he had "access."

Also, non-medical personnel defending against deliberate indifference claims are entitled to rely on the judgment of the medical professionals as to what treatment the prisoner needs. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Where a prisoner is under the care of a physician, as Frith alleges he was, a non-medical, supervisory official like Clarke can be liable only if he was personally involved with a denial of treatment, deliberately interfered with the prison physician's treatment, or tacitly authorized or was indifferent to the prison physicians' misconduct. *Id.* Frith alleges no facts that would suggest Clarke did any of those things. Frith has failed to state a claim against Clarke.

Accurately viewed, Frith is attempting to hold Clarke liable because he is a supervisory official. The mere fact that Clarke allegedly supervised all of VDOC's medical care or was otherwise "responsible," in a general sense, for the health and well-being of VDOC inmates, is insufficient to make him liable for the actions of any other VDOC employees or medical

personnel. There is no respondeat superior liability under § 1983, and officials may not be held liable for the unconstitutional conduct of their subordinates. *Iqbal*, 556 U.S. at 676.

Notably, moreover, the complaint is devoid of any facts setting forth a supervisory liability claim. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (setting forth required elements for a claim of supervisory liability). To state such a claim, a plaintiff must allege facts sufficient to show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices[;] and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (discussing the "heavy burden of proof" that a plaintiff assumes when asserting a claim of supervisory liability). Frith's allegations do not satisfy these elements. He does not allege widespread conduct of medical personnel (or of Dr. Smith in particular) violating prisoners' Eighth Amendment rights, does not allege that Clarke had any knowledge of such widespread conduct, and does not allege that the conduct posed an "unreasonable risk of harm of constitutional injury." *Wilkins*, 751 F.3d at 226. Thus, Firth has failed to allege facts to support even the first element of a supervisory claim. Any such claim fails.

## C. Virginia Tort Claims Act

Frith's VTCA claim against Clarke also fails to state a claim. He may not assert a VTCA claim in this court because Virginia's state courts have exclusive jurisdiction to hear VTCA claims. Va. Code § 8.01-195.4. Furthermore, the plain language of the VTCA allows negligence claims to be maintained only against the Commonwealth, not against individual state

5

officers. This claim against Clarke is also subject to dismissal.

### III.  CONCLUSION

For the foregoing reasons, Frith's complaint fails to state a claim against Clarke and must be dismissed.

An appropriate order will be entered.

Enter:  June 18, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge