**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

**RODNEY VANCE FRITH,**

       *Plaintiff,*

**v.**                                **Civil Action No. 7:22-CV-00389**

**HAROLD WALTER CLARKE, et al.**

       *Defendants.*

## KYLE SMITH, M.D.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL DISCOVERY

COMES NOW, Kyle Smith, M.D., ("Dr. Smith"), by counsel, and for his opposition to Plaintiff's Motion for Discovery (Doc. 84), states as follows:

1.     Plaintiff Rodney Vance Frith ("Plaintiff") is a Virginia Department of Corrections ("VDOC") inmate, *previously* incarcerated at Augusta Correctional Center[1].

2.     Plaintiff filed a 42 U.S.C. § 1983 Complaint against, *inter alia*, Dr. Smith, (Doc. 1) claiming that his civil rights were violated with regard to medical care provided while he was incarcerated at the Augusta Correctional Center. The claim arises out of alleged issues with Plaintiff's feet and toes, and Plaintiff generally asserts that Dr. Smith failed to provide him with adequate medical care for infections of his feet and/or toes (*See generally id.*).

3.     Because Dr. Smith is not an employee at the Augusta Correctional Center ("ACC") or of VDOC, and therefore, did not have possession, custody, or control of the medical records

---

[1] According to the Virginia Department of Corrections Inmate Locator Database, Plaintiff is now housed at the Pocahontas State Correctional Center. (Ex. A). However, there is no indication that Plaintiff has notified the Court of his transfer.

needed to file a response to Plaintiff's Complaint, Dr. Smith, by counsel, moved the Court for permission to conduct limited discovery in order to obtain the ACC records from then-co-defendant, Harold Walter Clarke, Director for VDOC[2] during the timeframe at issue. (Docs. 31, 32).

4.    The Court granted Dr. Smith's Motion for Limited Discovery. (Doc. 35).

5.    On 3/6/2023, Dr. Smith filed a Motion for Summary Judgment and Memorandum in Support, as well as evidence in support of that Motion which included selected medical records from the ACC. (Docs. 53, 54).  As not all aspects of Plaintiff's medical care while at the ACC were relevant to the issues in Plaintiff's Complaint, not all records received from VDOC co-defendant Harold Clarke were included with Dr. Smith's Motion for Summary Judgment.

6.    Thereafter, Plaintiff filed, *inter alia,* a Motion for Discovery, (Doc. 57) in which he requested, not only records from the ACC, but also biopsy records, records from the University of Virginia, records from "MCV Hospital in Richmond", and, as it appears, for permission to "question medical staff and guards."   The Court granted this Motion, *in part,* and specifically granted Plaintiff the following relief:

> "….he may seek those documents directly from either or both defendants. He does not need a separate subpoena *duces tecum*, however; instead, he may request either defendant to produce documents under Federal Rule of Civil Procedure 34. Accordingly, Frith's motion for discovery will be granted in part, insofar as the court will allow him to request a copy of his ACC medical records directly from one or both defendants." (Doc. 61).

7.    The Court's Order, therefore allowed and directed two things: (1) Plaintiff was to propound a Request for Production on either Defendant; and, (2) the Request for Production was limited to the records from the ACC.

---

[2] Harold Clarke was terminated from the case on 6/20/2023.  (Doc. 67).

8.     On 7/13/2023, the Court issued an Order indicating that "the defendant[3] [was to] respond to plaintiff's request within 14 days from the date of this order, by forwarding the remaining records, with a copy to the court, or by filing objections to the discovery with the court." (Doc. 71).

9.     Accordingly, Dr. Smith responded by objecting as follows. Dr. Smith objects on the grounds:

a.  That Plaintiff failed to file a Request for Production pursuant to Fed. R. Civ. P. 34 on Dr. Smith as ordered by the Court, and instead, filed a Motion to Compel (Doc. 72), a Letter to the Court re Discovery (Doc. 73) containing additional allegations of facts as to Dr. Smith, and another miscellaneous filing advocating his position on the discovery of documents (Doc. 74). Therefore, Plaintiff did not comply with the Court's Order regarding procedure;

b.  That Plaintiff continued to request items outside the scope of the Court's Order limiting him to records from the ACC. Indeed, in one of his filings, (Doc. 72), Plaintiff added to his request "emails" and "chain-of-command" information about biopsies, and attached as exhibits his original requests for records well-exceeded a request for records from the ACC;

c.  That nearly four hundred (400) pages medical records from ACC *were previously provided* to Plaintiff by former defendant Harold Clarke on 4/14/2023 as demonstrated in a transmittal letter, attached as an exhibit previously and incorporated by reference. (Doc. 75-1).

---

[3] Since Harold Clarke was terminated from the case on 6/20/2023, (Doc. 67), Dr. Smith interprets the Court's Order as pertaining only to Dr. Smith.

10.     Since that time, Plaintiff has continued to file discovery requests and other various miscellaneous filings such as:

    a.  the "Request for Leave of Court for Judicial Notice" (Doc. 80) which seeks to have time allotted for review of records by an expert. Dr. Smith incorporates his opposition to this filing, by reference, and avers that such a request, at this stage, is unnecessary and premature. (*See,* Doc. 81);

    b.  the Motion for Leave to Amend (Doc. 83) in which Plaintiff seeks leave to amend his Complaint. Dr. Smith incorporates his opposition to this motion, by reference, and avers that permitting such an amendment would be prejudicial to Dr. Smith, would be futile, and in light of the pending dispositive motion which is fully ripe for disposition, is generally disfavored by courts in the Fourth Circuit. (*See,* Doc. 85);

    c.  the current Motion for Supplemental Discovery (Doc. 84), in which Plaintiff asks the Court to permit and/or compel discovery of witness testimony, expert testimony and/or opinions, pathology specimens, and various documents. (*Id.*).

11. As before, Dr. Smith responds to the Plaintiff's instant discovery motion in the same manner: Plaintiff had a full and fair opportunity to participate in Dr. Smith's Motion for Summary Judgment which is fully ripe for disposition. As such, his repeated discovery requests and miscellaneous filings following the fully briefed Motion for Summary Judgment are a drain on judicial resources, are vexatious, and are burdensome to the Defendant, on undersigned counsel, and on the Court. This Defendant should not have to continue to respond to such filings until the pending dispositive motion is decided.

12. Plainly stated, this is simply <u>not the appropriate time or manner in which to conduct discovery</u>. Moreover, neither Plaintiff's *pro se* status nor his alleged lack of access to a typewriter or the law library (*See,* Doc. 85, p.5) permit him to circumvent the procedural rules. Indeed, Courts within the Fourth Circuit have long held that"[a]lthough *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" *Cooper v. FedEx Ground Package Sys., Inc.,* No. 1:16cv547, 2017 WL 586874, at *1 (E.D. Va. Feb. 14, 2017) (citations omitted)(*see also, See also Koon v. McCall*, No. 4:19-CV-00406-DCN, 2021 WL 1799381, at *1 (D.S.C. Mar. 29, 2021), *aff'd*, No. 21-7076, 2021 WL 5445836 (4th Cir. Nov. 22, 2021) in the court refused to consider "a barrage of letters and filings in connection to a single motion" by a *pro se* litigant where it had not granted leave for such filings.)

WHEREFORE, for the reasons stated herein, and those incorporated by reference, Dr. Smith prays that the Court deny Plaintiff's Motion for Supplemental Discovery and that no additional relief be granted to Plaintiff at this time.

Respectfully submitted,

**KYLE SMITH, M.D.**


_____/s/   *Grace Morse-McNelis, Esq.*_____
Grace Morse-McNelis, Esq., VSB 75957
Sands Anderson, PC
1111 East Main Street, Suite 2400
PO Box 1998
Richmond, VA 23218-1998
Phone: (804) 648-1636
Fax: (804) 783-7291
gmorsemcnelis@sandsanderson.com
*Attorney for Defendant Kyle Smith, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications to all CM/ECF users. I further certify that I will mail the document by U.S. mail to the following non-filing user:

Rodney Vance Frith, #1273826
VDOC Centralized Mail Dist. Cntr.
3521 Woods Way
State Farm, VA 23260
*Plaintiff, pro-se*

/s/  *Grace Morse-McNelis, Esq.*
Grace Morse-McNelis, Esq., VSB 75957
Sands Anderson, PC
1111 East Main Street, Suite 2400
PO Box 1998
Richmond, VA 23218-1998
Phone: (804) 648-1636
Fax: (804) 783-7291
gmorsemcnelis@sandsanderson.com
*Attorney for Defendant Kyle Smith, M.D.*