CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 28, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RODNEY VANCE FRITH,** )  | |
| Plaintiff, ) | Civil Action No. 7:22cv00389 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **DR. KYLE SMITH,** ) | By: Robert S. Ballou |
| Defendant. ) | United States District Judge |

Plaintiff Rodney Vance Frith, a Virginia inmate proceeding *pro se*, has filed a Motion for Reconsideration (ECF No. 112) and a Motion to Vacate Summary Judgment and Set for Trial (ECF No. 113). Although Frith dated both motions on October 28, 2024, the motions arrived in the Clerk's office on November 1, 2024, in an envelope date-stamped by Buckingham Correctional Center mailroom on October 29, 2024, which appears to be the date on which the mail was placed into the prison mail for delivery to the court.

### MOTION FOR RECONSIDERATION

Motions for Reconsideration are typically considered under Rule 59(e) of the Federal Rules of Civil Procedure. Such motions must be filed no later than 28 days after entry of judgment. The order granting summary judgment to Dr. Smith was signed by the court on September 29, 2024, and entered on the Clerk's docket on September 30, 2024. Using either of those dates, Frith was required to file his motion by October 28, 2024, which was 28 days after the order was docketed.[1] Under well-settled law, a pleading filed by a *pro se* inmate is considered filed when delivered to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988). That date, per the best available evidence, was October 29,

---

[1] Twenty-eight days after September 29 fell on October 27, a Sunday, giving Frith until Monday, October 28, 2024, to file his motion. FED. R. CIV. P., Rule 6(a)(1)(C).

2024, after the 28-day limit expired. As the court explained in its order denying Frith's request for an extension to file the motion (ECF No. 111) emailed and hand-delivered to Frith on October 28, 2024, the court has no authority to extend that deadline. *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001); FED. R. CIV. P., Rule 6(b)(2). Accordingly, this motion will be denied as untimely.

### MOTION TO VACATE SUMMARY JUDGMENT AND SET FOR TRIAL

A motion to vacate judgment is considered under Rule 60(b) of the Federal Rules of Civil Procedure. *See Allen v. Mullins, et al.*, No. 7:22-cv-00619, 2024 WL 4298161, at *1 (W.D. Va. Sept. 26, 2024). The Rule provides six grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P., Rule (6)(b).

Frith does not argue anything from grounds one through five. Rather, he seems to be arguing various reasons he believes that the judge's opinion was wrong. A motion to vacate is not intended for rearguing the merits he has already argued, nor is it a substitute for an appeal. *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). The Supreme Court has noted that a movant seeking relief under Rule 6(b)(6) must show "extraordinary circumstances" justifying the

requested relief. Frith has made no such showing. He simply re-asserts his opinion that Dr. Smith's treatment was untimely, as expressed in his affidavits and complaint, and that Dr. Smith used the wrong antibiotic until he received test results and switched the antibiotic, are evidence of deliberate indifference. They are not. At most, if supported by a qualified expert (which Frith has not offered), these facts might support a claim of medical negligence. Medical negligence is not enough to support a § 1983 recovery. When the delays and setbacks are considered in context with the difficulty of transporting inmates for treatment and the many times that Dr. Smith tried to help alleviate Frith's infection and other diabetes-related health concerns, Frith failed to establish that Dr. Smith was deliberately indifferent. That was the court's ruling, and Frith has not offered anything new or extraordinary to justify vacating that decision.

For the reasons stated, Frith's Motion for Reconsideration (ECF No. 112) and Motion to Vacate (ECF No. 113) are **DENIED.**

Enter: March 28, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge