CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 19, 2026

LAURA A. AUSTIN, CLERK
BY:
                s/A. Beeson
            DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **RODNEY VANCE FRITH,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:22cv00389** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **KYLE SMITH, M.D.,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff Rodney Vance Frith, a Virginia inmate proceeding *pro se*, filed a motion

contesting this court's opinion and order of March 28, 2025, finding his motion for

reconsideration (Dkt. No. 112) untimely and denying his motion to vacate (Dkt. No. 113).  Frith

also seeks default judgment in his favor because the court did not issue its opinion until 141 days

after Frith filed his motion for reconsideration.  For the reasons below, I will deny his motions.

### I.  BACKGROUND

Frith timely filed his Complaint against Virginia Department of Corrections Director

Harold Clarke and Dr. Kyle Smith on July 8, 2022, alleging the defendants' deliberate

indifference to his medical needs, resulting in resection of the third metatarsal of his right foot on

November 3, 2020, and amputation of the third toe on his left foot on July 28, 2021, because of

osteomyelitis.  The court's opinion of September 29, 2024, (Dkt. No. 108), granting Dr. Smith's

motion for summary judgment, recites the details of Dr. Smith's treatment of Frith's diabetes and

recurring foot infections from Frith's arrival at Augusta Correctional Facility until his recovery

from the July 2021 surgery, and those details need not be restated here.

Defendant Clarke filed a motion to dismiss.  Dkt. No. 22.  Defendant Smith filed a

motion for summary judgment, (Dkt. No. 53), to which Frith responded (Dkt. No. 39).  Frith

filed four motions for appointment of counsel, (Dkt. Nos. 16, 18, 38, and 58), all of which were

denied without prejudice.  *See, e.g.,* Dkt. No. 61.  Thereafter, the file was assigned to a different District Judge for the remainder of the case.  Dkt. No. 66.  Frith filed a letter listing seven questions mailed to his podiatrist, hoping to introduce the answers to those questions as evidence in his case.  Dkt. No. 82.  After reviewing the status of the file that had been transferred to him, the judge actively made efforts to recruit a qualified attorney to volunteer to represent Frith in the matter.  The attorney agreeing to represent Frith *pro bono* met with Frith in December 2023 (Dkt. No. 89), and the court appointed the attorney as *pro bono* counsel on January 4, 2024 (Dkt. No. 91).

Recognizing that the podiatrist's testimony would not be admissible under Virginia Code § 8.01-401.2:1 against Dr. Smith, a medical doctor practicing general medicine in a prison environment, Plaintiff's counsel retained an appropriate consulting expert to review the records. Dkt. No. 93.  Unfortunately for Frith, the expert offered an opinion that was not helpful to Frith's case.  Without an expert witness, counsel still assisted Frith in drafting a solid affidavit in opposition to Dr. Smith's summary judgment motion.  Dkt. No. 102.

For the reasons summarized in the court's memorandum opinion entered September 29, 2024, I granted Dr. Smith's motion for summary judgment.  Dkt. Nos. 108 – 109.  Based on the *admissible* evidence,[1] no genuine and material issues of fact existed between the parties, and Dr. Smith was entitled to judgment as a matter of law.  Frith's case was not sufficient to show causation or negligence, much less deliberate indifference.

---

[1] Although Frith obviously knows a lot about his own medical condition, as a layperson, he is not qualified to offer admissible evidence on what Dr. Smith "should have" done, on what antibiotics "should have been" prescribed, and whether the different course of treatment offered by Smith proximately caused (1) the need for partial amputation of his toes and/or (2) his later endocarditis.  Without the admissible opinion of a qualified expert, Frith could not create a genuine issue of disputed fact on these issues.

On October 24, 2024, the court received a motion for extension of time for Frith to file his motion for reconsideration.  That envelope was stamped by the Buckingham Correctional Center's Mailroom as received on October 21, 2024; it was postmarked October 22 and received by the court on October 24, 2024.  The mandatory 28-day deadline for filing the motion for reconsideration would expire on October 27, a Sunday, giving Frith until October 28 to file his motion. The court denied the motion for extension, explaining that by law, the court had no authority to extend the deadline.  FED. R. CIV. P. Rule 6(b)(2).  To make sure that Frith knew of the deadline, the court contacted the Correctional Center and arranged to have a faxed copy of the order hand-delivered to him as soon as it was entered on October 28.  The order also advised that he had until October 29 to file his notice of appeal if he could not file the motion for reconsideration timely.

On November 1, 2024, the court received Frith's motion for reconsideration and his motion to vacate the judgment order.  The envelope was stamped October 29, 2024, by the Buckingham Correctional Center Mailroom.  Dkt. No. 112 at 5.  Simultaneously with the motions, Frith filed a Notice of Appeal.  The Fourth Circuit Court of Appeals notified this court and Frith that it would take up Frith's appeal after this court ruled on the post-trial motions.  Dkt. No. 116.  On March 28, 2025, the court denied the motion for consideration as untimely and denied the motion to vacate.  Dkt. No. 127.  On April 1, 2025, the court of appeals assumed jurisdiction over the case.  Dkt. Nos. 128 – 129.

Subsequently, Frith filed the current motions, contesting the court's post-trial decision and requesting default judgment in his favor.  His motion was signed April 21, 2025; was stamped by the mailroom on April 22, 2025; and postmarked April 24, 2025. Dkt. No. 133 at 2– 4.  He asserted that the court was wrong about the timeliness of his motion and had failed to

3

apply the "mailbox rule." He also argued entitlement to default judgment because the judge took 141 days to issue its ruling on the motions when he only got 30 days and was denied an extension.

## II. DISCUSSION

At the outset, the court must determine whether it has jurisdiction over the current motions. At the time they were filed in April 2025, the Appeals Court had jurisdiction over the case. An appeal "divests the district court of its control over those aspects of the case involved in the appeal." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 269 (4th Cir. 2025) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).). Particularly because the appellate court declined to exercise jurisdiction while the original post-trial motions were pending before the court, it is apparent that all aspects of the case were before the appellate court once it assumed jurisdiction. On appeal, the Circuit Court could consider the original motion for summary judgment, the ruling on the motion for reconsideration, and the ruling on the motion to vacate, among other issues, if plaintiff raised them. When the entire case is involved in the appeal, that is the "whole ballgame, the district court was divested of control over more or less the whole case." *Express Scripts, Inc.*, 128 F.4th at 269. This court no longer had jurisdiction over the motions when they were filed.

On September 3, 2025, the Court of Appeals affirmed the decision of this court in a per curiam opinion, finding no reversible error. Dkt. No. 136. The Court's mandate was issued on September 25, 2025. Dkt. No. 138. Thereafter, on October 8, 2025, the appellate court denied Frith's petition for rehearing as untimely. The case has concluded favorably for Dr. Smith, unfavorably for Frith, in a final decision. In ruling on Frith's motion to vacate the prior decisions, this court is now constrained by the "law of the case" doctrine, requiring a final

decision of law to govern the same issues in subsequent stages of the same case. *Everett v. Pitt County Bd. Of Educ.*, 788 F.3d 132, 142 (4th Cir. 2015). The Court of Appeals affirmed that Dr. Smith was entitled to summary judgment as a matter of law; that is now the law of the case. This court cannot reach findings of law that conflict with the rule of the case unless (1) an ordered retrial produced substantially different evidence, (2) a higher authority intervened with new controlling law contrary to the law of the case, or (3) the prior decision was clearly erroneous. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999).

The case has not been remanded for a trial, so the first exception does not apply. Frith has not offered new legal authority to support his motion. Rather, he relies upon the same arguments he has made throughout the litigation. Finally, he has not shown that the previous decision on the merits of his case was clearly erroneous. Even if I were to reverse myself on the "mailbox rule," the dispositive issue in the case, Dr. Smith's entitlement to summary judgment as a matter of law cannot be disturbed at this stage. Further, one is not entitled to default judgment against a defendant because of the *court's* actions. The court is not a party to the case but the factfinder. Careful and deliberate consideration of arguments made by both sides is required before rendering an opinion. That opinions sometimes take longer than one would wish is a function of the number of cases pending before the court.

For the reasons stated, I will deny Frith's motions. An appropriate order will be entered this day.

Entered:  March 19, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

5